UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:18CV-00311-JHM

TERRY WHITEHEAD                                                                                PLAINTIFF

V.

DAVID SCHWARTZ, DEVAN EDWARDS,
AND DONNA GENTRY, in their individual and
official capacities                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Donna Gentry, to dismiss the official capacity claims pursuant to Fed. R. Civ. P. 12(b)(6) [DN 39]. Fully briefed, this matter is ripe for decision.

### I. FACTS

Plaintiff, Terry Whitehead, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, David Schwartz, Devan Edwards, and Donna Gentry, in their individual and official capacities alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution for excessive force and malicious prosecution. Plaintiff also brings state law assault and battery claims against the Defendants in their individual capacity. Plaintiff alleges that he was assaulted on April 15, 2018, while he was a pre-trial detainee housed in the Louisville Metro Department of Corrections when the Defendants entered his cell, peppered sprayed him in the face, handcuffed him, and beat him for allegedly covering the window to his cell with toilet paper while he used the bathroom. Plaintiff asserts that he was taken to another cell where the beating continued. Afterwards, Defendants conspired to institute false charges against the Plaintiff to justify their excessive force. At the time of the alleged misconduct, Schwartz and Edwards were

probationary employees and Gentry was a commanding officer and supervisor. Additionally, Plaintiff claims that the empowering of Gentry as a supervisor, Plaintiff's beating, and the subsequent institution of false charges against him were taken pursuant to a pervasive custom or practice of Louisville Metro Government sufficient to rise to a level of an official policy.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Plaintiff sues Defendants Schwartz, Edwards, and Gentry in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Department of Soc. Servs. of N.Y., 436 U.S. 658, 690 n.55 (1978)). Thus, suing

2

employees in their official capacities is the equivalent of suing their employer, in this case Louisville Metro Government. See Lambert v. Hartman, 517 F.3d 433, 439-40 (6th Cir. 2008); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Smallwood v. Jefferson County Government, 743 F.Supp. 502, 503 (W.D. Ky. 1990). Additionally, while Plaintiff's amended complaint references Louisville Metro Department of Corrections, "it is not an entity subject to suit under § 1983." Splunge v. Louisville Dept. of Corr., 2016 WL 715763, at *2 (W.D. Ky. Feb. 22, 2016). Therefore, the Court will construe the official-capacity claims as claims brought against Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120-121 (1992). Regarding the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 694; Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" Garner v. Memphis Police Dept., 8 F.3d 358, 364 (6th Cir. 1993) (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by Frantz v. Village of Bradford, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981) (citation omitted)).

Defendants argue that Plaintiff has set forth no facts which if proved would entitle the

Plaintiff to relief on the official capacity claim. Specifically, Defendant maintains that "Plaintiff does not claim that any alleged violation of [his] constitutional rights was the result of a custom or policy implemented or endorsed by the Louisville Metro Government." (Defendants' Motion at 3.) In reply, Defendants argue that with the exception of an allegation that Louisville Metro Corrections knew of and condoned beatings in the jail, there exists no additional factual allegations to support the conclusory allegation that Louisville Metro has a custom or policy that was the moving force behind the alleged violations of Plaintiff's constitutional rights. The Court disagrees.

Upon review of the amended complaint, the Court finds that Plaintiff has stated a municipal liability claim against Louisville Metro Government. Plaintiff asserts that the unreasonable and excessive use of force and the malicious prosecution by the individual correction officers against Plaintiff were carried out pursuant to a pattern, practice, or custom of Louisville Metro Corrections and was the result of its failure to train and supervise its officers. (Amended Complaint ¶¶ 5, 43, 53, 54.) See, e.g., Cleaver v. Smith, 2018 WL 797443 (W.D. Ky. Feb. 8, 2018).

In support of his municipal liability claim, Plaintiff alleges that "[o]n information and belief, . . . beatings are common within Metro Corrections and both staff and supervisory officers are aware that they occur with sufficient regularity to be considered 'business as usual' by the Officers charged with the care, custody and control of inmates." (Amended Complaint at ¶ 1, 34.) Plaintiff also asserts that Gentry was grossly unqualified to be supervising the conduct of fellow officers, having been reprimanded, demoted, and disciplined dozens of times for her conduct, "including for inmate abuse, unethical conduct, insubordination, and threatening inmates." (Id. at ¶ 3.) Plaintiff maintains that Gentry's history of threatening actions and behavior toward inmates was known to Metro Corrections supervisors and policymakers, including Louisville Metro Department of Corrections Director Mark Bolton, (id. at ¶¶ 31-32) and that her placement in a

4

position of "supervising probationary officers, who were in the process of being trained in the customs, policies, procedures and practices of Metro Corrections, virtually assured that those officers would be trained and supervised in a manner so likely to result in the violation of constitutional rights such as those described herein that her placement was deliberately indifferent to those rights." (Id. at ¶42.) Additionally, Plaintiff asserts that Director Bolton also failed to recognize obvious flags in Schwartz's background which put him at a high-risk to use excessive force on inmates. (Id. at ¶ 55.) Plaintiff further alleges that the inadequate training and supervision provided by Louisville Metro resulted from a conscious and deliberate choice "to follow a course of action from among various available alternatives and were moving forces in the constitutional violations and injuries complained of by Plaintiff." (Id. at ¶ 54.) Plaintiff's amended complaint contains sufficient factual allegations to sustain a municipal liability claim against Louisville Metro Government.

Finally, the Court finds that Plaintiff asserted state law assault and battery claims against the correction officers in their individual capacity only and not against them in their official capacity. Accordingly, Defendants' motion to dismiss the state law official capacity claims is moot.

### IV. CONCLUSION

For the reason set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Donna Gentry, to dismiss the official capacity claims [DN 39] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

June 18, 2019

5