UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TERRY WHITEHEAD,                                                                                           Plaintiff,

v.                                                                         Civil Action No. 3:18-cv-311-DJH-CHL

DAVID SCHWARTZ et al.,                                                                                  Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry Whitehead asserts that Defendants David Schwartz and Devan Edwards used excessive force on him when he was a pretrial detainee at Louisville Metro Department of Corrections. (Docket No. 32) Whitehead now moves for partial summary judgment on his excessive-force claim against Schwartz and Edwards. (D.N. 117) For the reasons explained below, the Court will grant the motion.

**I.**

On April 15, 2018, Defendants were performing cell checks at Louisville Metro Department of Corrections when they noticed that Whitehead had obscured the window of his cell with toilet paper. (D.N. 114-3, PageID # 355) Defendants instructed Whitehead to remove the toilet paper, but Whitehead refused. (*Id.*) Defendants then entered the cell, used force to handcuff Whitehead, and removed him from the cell, placing him in the West Hold, a different cell. (*Id.*) While Whitehead was handcuffed and not resisting in the West Hold, Edwards punched him at least twice, and Schwartz punched him at least once. (*Id.*, PageID # 355, 364; *see* D.N. 117, PageID # 399; D.N. 120, PageID # 415)

1

The incident in the West Hold was partially captured on video when Edwards inadvertently activated his body camera.[1] (D.N. 114-3, PageID # 364; *see* D.N. 130) The footage shows that Whitehead, who was handcuffed and kneeling on the floor, said, "Y'all know I don't give you problems like that, bro. I do not give you problems like that, Schwartz, bro." (*See* D.N. 130) Whitehead flinched as Schwartz reeled back to hit him, although Schwartz did not make contact with Whitehead. (*See id.*) Schwartz then struck Whitehead in the face with a closed fist. (*See id.*) Edwards said, "All you had to do was take the strings down, dude." (*See id.*) Whitehead responded, "I'll take them down next time. Y'all won't have no problems with me, bro." (*See id.*) Schwartz took several steps toward Whitehead as Whitehead said, "I swear to God, you know second shift, bro? You know I try my hardest." (*See id.*) As Schwartz approached, Whitehead raised his leg, and Edwards said, "Keep your leg down." (*See id.*) Whitehead responded, "Alright. I try my hardest. You feel me? Cause y'all treat us right, you feel me? On everything." (*See id.*) Edwards asked if Whitehead "need[ed] medical," and Whitehead declined but stated that he needed his eyes flushed. (*See id.*) Edwards and Schwartz then exited the cell as LMDC Officer Erik Delgado-Rodriguez entered. (*See id.*) The video ends as Edwards tells medical personnel that both Whitehead and Schwartz "need medical." (*See id.*)

Schwartz and Edwards later falsified incident reports, omitting any mention of the force they used against Whitehead in the West Hold. (D.N. 114-3, PageID # 355–56, 364) Further, Schwartz wrote a Kentucky Uniform Citation charging Whitehead with felony third-degree assault based on this falsified information. (*Id.*, PageID # 364) Defendants were subsequently charged in federal court for the incident in the West Hold. *See* Indictment, *United States v. Schwartz*, No.

---

[1] The Court "describes the facts 'in the light depicted by the videotape'" and construes ambiguities in favor of the nonmovants. *Latits v. Phillips*, 878 F.3d 541, 544 (6th Cir. 2017) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

2

3:19-cr-87-RGJ (W.D. Ky. May 8, 2019), ECF No. 1; Information, *United States v. Edwards*, No. 3:19-cr-88-DJH (W.D. Ky. May 8, 2019), ECF No. 1. Schwartz pleaded guilty to one count of deprivation of rights under color of law and two counts of filing a false report and was sentenced to twenty-four months of imprisonment. *See* Plea Agreement, *United States v. Schwartz*, No. 3:19-cr-87-RGJ (W.D. Ky. Oct. 31, 2019), ECF No. 27; Judgment & Commitment Order, *United States v. Schwartz*, No. 3:19-cr-87-RGJ (W.D. Ky. Mar. 3, 2020), ECF No. 47. Edwards pleaded guilty to one count of deprivation of rights under color of law and was sentenced to twelve days of imprisonment. *See* Plea Agreement, *United States v. Edwards*, No. 3:19-cr-88-DJH (W.D. Ky. May 16, 2019), ECF No. 10; Judgment & Commitment Order, *United States v. Edwards*, No. 3:19-cr-88-DJH (W.D. Ky. Mar. 11, 2020), ECF No. 29. Whitehead initiated the present action against Schwartz, Edwards, LMDC Supervisor Donna Gentry, and Louisville/Jefferson County Metro Government, alleging excessive force and malicious prosecution under 42 U.S.C. § 1983 in violation of the Fourth and Fourteenth Amendments and assault and battery under state law. (D.N. 32; *see* D.N. 31) Whitehead now moves for summary judgment against Schwartz and Edwards on his excessive-force claim. (D.N. 114)

**II.**

Summary judgment is appropriate when a movant shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). If the nonmovant "fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)–(3).

The parties do not contest that Whitehead was a pretrial detainee at LMDC at the time of the incident. (*See* D.N. 114-1; D.N. 117; D.N. 120)  Because the Fourth Amendment applies only to "a free citizen in the process of being arrested or seized," Whitehead cannot recover on his excessive-force claim under the Fourth Amendment. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). This claim is, however, cognizable under the Fourteenth Amendment. *See id.* at 537–38. The Court must therefore "inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Id.* at 538 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

The Sixth Circuit has repeatedly held that "striking a neutralized suspect who is secured by handcuffs is objectively unreasonable." *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010); *see Burgess v. Fischer*, 735 F.3d 462, 474–75 (6th Cir. 2013) (collecting cases). Whitehead therefore moves for partial summary judgment on his excessive-force claim, citing the body-camera footage and Defendants' guilty pleas. (D.N. 114; *see* D.N. 114-3; D.N. 131)  Both Edwards and Schwartz admit, in their plea agreements and in their responses to Whitehead's motion, that they punched Whitehead in the West Hold while he was handcuffed and not resisting. (D.N. 114-3, PageID # 356, 363–64 ("Edwards punched [Whitehead] twice in the face.") ("Schwartz . . . assaulted pretrial detainee [Whitehead] in the West Hold area of the jail by punching [Whitehead] in the face while [Whitehead] had his hands cuffed behind his back, and while [Whitehead] was pleading with defendant Schwartz and posing no threat."); D.N. 117, PageID # 399 ("Edwards reacted by hitting [Whitehead] in the face."); D.N. 120, PageID # 415 ("Schwartz admits that he punched Whitehead a single time while Whitehead was in handcuffs and not presenting an active threat.")) The Court

will therefore treat those facts as established for purposes of this litigation. *See In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d 599, 622 (E.D. Ky. 2011), aff'd, 727 F.3d 473 (6th Cir. 2013) ("[W]hen a defendant pleads guilty, he admits and is estopped from relitigating the material facts alleged in the information or indictment, and a plaintiff is entitled to introduce pleas from criminal cases in subsequent civil cases to establish 'all matters of fact and law necessarily decided by the conviction.'" (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 569 (1951))); *see also Johnston v. Chubb Grp. of Ins. Cos.*, No. 4:20-CV-00048-JHM, 2021 WL 395766, at *4 (W.D. Ky. Feb. 4, 2021) (determining that collateral estoppel precludes a party "from asserting any facts inconsistent with [a] plea of guilt[y]" (citing *Maxum Indem. Co. v. Broken Spoke Bar & Grill, LLC*, 420 F. Supp. 3d 617, 627 (W.D. Ky. 2019))).

Schwartz argues that the Court cannot grant summary judgment on Whitehead's excessive-force claim because Whitehead has produced no evidence of damages. (D.N. 120, PageID # 413) But Whitehead does not seek (*see* D.N. 114), nor will the Court determine, damages related to any of Whitehead's claims at this stage. *See Cooper v. Vinson*, No. 5:17-CV-10-TBR, 2021 WL 1176262, at *4–6 (W.D. Ky. Mar. 26, 2021) (analyzing liability and damages separately). Schwartz additionally points out that although he admits to striking Whitehead, Whitehead also claims that Schwartz strangled him, which Schwartz denies. (D.N. 120, PageID # 415; D.N. 120-1, PageID # 436; *see* D.N. 114-1, PageID # 345; D.N. 114-5, PageID # 375–76; D.N. 118-1, PageID # 459) The Court, however, need not decide whether Schwartz strangled Whitehead to grant summary judgment on the excessive-force claim because striking a non-resisting, handcuffed pretrial detainee is "objectively unreasonable" and thus constitutes excessive force. *Schreiber*, 596 F.3d at 332; *see Burgess*, 735 F.3d at 474–75. Therefore, to the extent that Whitehead seeks summary judgment as to Schwartz and Edwards using excessive force

5

against him in violation of the Fourteenth Amendment, the Court will grant the motion. *See Cooper*, 2021 WL 1176262, at *4–5 (granting summary judgment for plaintiff on his excessive-force claim when a correctional officer, who was convicted of fourth-degree assault for the incident, admitted that he punched plaintiff once).

### III.

Schwartz and Edwards have failed to show that there exists any genuine dispute of material fact as to their liability on Whitehead's excessive-force claim. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Whitehead's motion for partial summary judgment (D.N. 114) is **GRANTED**.

April 26, 2022

David J. Hale, Judge
United States District Court